**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00458-GCM**

| | |
|---|---|
| **PLATINUM PRESS, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **DANIELLE DOUROS-HAWK,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER COMES** before this Court on the Court's own Motion. The Court held a Rule 16 Conference in this case on November 29, 2018. At the Conference, the Court discussed entering a consent preliminary injunction to maintain the status quo through a decision on the merits in this case. The Parties consented to the entry of a preliminary injunction. As such, the Court, pursuant to Federal Rule of Civil Procedure 65, makes the following findings in this case, which are binding solely with respect to the enforcement of this proceeding for injunctive relief and do not constitute a ruling on the merits of Plaintiff's claims for damages:

1. Defendant does not admit or deny any allegations by stipulating to this Injunction other than the jurisdictional facts that are necessary for the entry of this Injunction;

2. The stipulation to this Injunction should not be construed or deemed as a waiver of any claims or defenses in this case;

3. The Court enters this Injunction without a finding regarding the likelihood of success on the merits. *See United States v. North Carolina*, 192 F.Supp.3d 620, 629 (M.D.N.C. June 23, 2016) (collecting cases allowing courts to enter consent preliminary injunctions without first making a finding on the likelihood of success on the merits).

4. Plaintiff would likely suffer irreparable harm if the Court did not enter this Injunction. If Defendant were allowed to share the confidential information of Plaintiff to Plaintiff's competitors, Plaintiff would suffer irreparable harm;

5. The equities, in this case, weigh in favor of entry of this Injunction;

6. The entry of this Injunction is in the public interest as it maintains the status quo in this dispute until the case can be decided on the merits;

7. Defendant is in possession of certain confidential information from her time of employment with Plaintiff Platinum Press, Inc. ("Information"). That Information includes, but is not limited to: customer lists, customer preferences, identity and contact information of Plaintiff's customers, Plaintiff's marketing plans and sales procedures and techniques, customer purchasing practices, customer service needs and practices, Plaintiff's contracts, Plaintiff's pricing information regarding goods or services, literature of the Plaintiff, selling activities of the Plaintiff, promotions of Plaintiff, distributions of Plaintiff, business plans of Plaintiff, technical information of Plaintiff, financial information of Plaintiff, designs and formulae of Plaintiff, developmental and experiential work of Plaintiff, know-how of Plaintiff, processes of Plaintiff, pricing data for individual customers, pricing matrixes, bidding documents of Plaintiff, order details and histories, and data reflecting customer orders and relationships and status of efforts to engage in business relationships with prospective customers by Plaintiff.

8. This Information is largely contained within a series of emails sent by Defendant to Defendant's personal email account.

Accordingly, it is hereby **ORDERED and ADJUDGED** by consent of the Parties that the following Preliminary Injunction is entered in this case:

1. To the extent Defendant maintains any of the Information, Defendant is hereby enjoined from distributing or releasing that Information to any third-parties, including but not limited to, any competitors of Plaintiff.

2. In addition, to the extent Defendant maintains any hard copies of the Information, the Defendant is to return said copies to Plaintiff.

3. Defendant's counsel may retain a copy of any documents returned to Plaintiff solely for use within this litigation.

4. Defendant is hereby **ORDERED** to preserve any electronically stored data relating to this case, including but not limited to, the Information.

5. The Court is cognizant that this Injunction may not be broad enough for the needs of the case. Specifically, the Court recognizes that discovery in this case may require this Injunction to be broadened. As such, both Parties retain the right to move this Court to consider any additions to this Injunction.

6. This Injunction will remain in effect until a decision on the merits has been reached in this case.

**SO ORDERED**.

Signed: December 7, 2018

Graham C. Mullen
United States District Judge