# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00458-GCM

| | |
|---|---|
| PLATINUM PRESS, INC., | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| DANIELLE DOUROS-HAWK, | ) |
| Defendants. | ) |

**THIS MATTER COMES** before this Court on Defendant Danielle Douros-Hawk's ("Defendant") Motion to Dismiss as Frivolous under Texas Law (Doc. No. 11). Plaintiff Platinum Press, Inc. ("Plaintiff") filed a Memorandum in Opposition (Doc. No. 13) to which Defendant replied. (Doc. No. 14). As such, this matter is now ripe for disposition.

## I. BACKGROUND

Plaintiff is a corporation that conducts business in the healthcare packaging industry. (Compl. ¶ 6). Defendant worked as an employee for Plaintiff from March 3, 2015 through May 21, 2018. (*Id.* ¶¶ 13, 28). Defendant served as a Southeast Region Account Manager for Plaintiff during her tenure as an employee. (*Id.* ¶ 21). While serving in this role, Defendant had access to several pieces of Plaintiff's confidential information. (*Id.* ¶ 27).

When Plaintiff hired Defendant as an employee, Defendant was required to sign a Confidentiality and Non-Disclosure Agreement ("Agreement"). (*Id.* ¶ 14). In the Agreement, Defendant acknowledged that her employment would give her access to certain of Plaintiff's confidential information. (*Id.* ¶ 15). Defendant specifically promised to not use Plaintiff's confidential information in any way except to benefit Plaintiff. (*Id.* ¶ 16). Additionally, Defendant

1

agreed to return all of Plaintiff's property to Plaintiff, including the confidential information, at the end of Defendant's employment. (*Id.* ¶ 18). The Agreement contained a choice of law provision which stated Texas law governed the Agreement. (Doc. No. 1-1, p. 3).

At the conclusion of Defendant's employment with Plaintiff, Defendant forwarded documents that contained Plaintiff's confidential information from Defendant's business email account to her personal email account. (Compl. ¶ 30). Defendant forwarded these documents to her husband's personal email account as well. (*Id.*). Defendant also made copies of several pieces of Plaintiff's confidential information which she retained after her employment ended. (*Id.* ¶ 41).

Based on these allegations, Plaintiff sued Defendant for seven different causes of action: (1) violation of the Defend Trade Secrets Act, 18 U.S.C. §1836 *et seq.*; (2) violation of the North Carolina Trade Secrets Protection Act, N.C.G.S. §66-152 *et seq.*; (3) violation of the South Carolina Trade Secrets Act, S.C. Code Ann. § 39-8-20 *et seq.*; (4) breach of contract; (5) unjust enrichment; (6) conversion; and (7) unfair and deceptive trade practices. Defendant filed a Motion to Dismiss arguing that the claims were frivolous under Texas law due to the applicability of the Texas Citizens Participation Act ("TCPA"). Tex. Civ. Prac. & Rem. Code §27.001, *et. seq*. The Court will discuss that Motion below.

## II.    DISCUSSION

The TCPA is a Texas Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute. The purpose of this statute is to protect the "constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA

provides a special motion to dismiss procedure that allows for the expeditious dismissal of certain cases. Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

Under the TCPA, a court is to utilize a three-step burden shifting framework to determine if a case should continue beyond the motion to dismiss stage. Tex. Civ. Prac. & Rem. Code Ann. § 27.005. First, the moving party must show by a preponderance of the evidence that the suit relates to the moving party's exercise of "(1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* If the moving party meets that burden, the burden shifts to the non-moving party to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* Finally, if the non-moving party meets their burden, the burden shifts back to the moving party to establish "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.*

This burden shifting framework utilized at the motion to dismiss stage is quite different from the normal analysis conducted by federal courts at this stage. Generally, a court will consider whether a plaintiff has stated a plausible claim under the relevant law when deciding whether to grant a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the Defendant asks this Court to supplement the traditional plausibility analysis in light of the burden shifting framework established by the Texas statute.

a. **Applicability of the TCPA in Federal Courts**

Before the Court entertains the burden shifting framework of the TCPA, the Court must first consider whether the TCPA applies in federal court at all. A federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure "answer[s] the same question" as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act. *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,* 559

U.S. 393, 398–99 (2010) (majority opinion) (citing *Hanna v. Plumer,* 380 U.S. 460, 463–64 (1965)).

The TCPA provides a framework under which certain cases should be dismissed prior to trial. Specifically, the TCPA requires a court to dismiss a covered action when a plaintiff cannot provide the court with "clear and specific evidence" for each element of the stated cause of action. This requirement is in stark contrast with the requirements of Federal Rule of Civil Procedure 12(b)(6) which simply requires that a plaintiff plead facts which state a claim plausible on its face. The TCPA, thus, provides additional procedures to deny plaintiffs a trial that would otherwise be afforded under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(6), along with Federal Rule of Civil Procedure 56 and others, looks to answer the question of when a plaintiff deserves a trial on the merits and when a claim should be dismissed. *See Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015) (citing *Makaeff v. Trump University, LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring) ("Rules 12 and 56 help form 'an integrated program' for determining whether to grant pre-trial judgment in cases in federal court.")). The TCPA looks to answer the exact same question, namely when pre-trial dismissal is appropriate, for the cases it covers. Under *Shady Grove*, in the situation presented by this case, the federal rule must control.

Once a court determines that a federal rule answers the same question as a state rule, the court must confirm that the rule is valid under the Rules Enabling Act. The Rules Enabling Act empowers the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence" for cases in the lower federal courts. 28 U.S.C. § 2072(a). A Federal Rule of Civil Procedure violates the Rules Enabling Act if it abridges, enlarges, or modifies any substantive right. *See id.* § 2072(b).

Federal Rule 12(b)(6) is a rule that governs procedure and does not modify any substantive right. As such, the Rule does not violate the Rules Enabling Act. The Supreme Court agreed with this assertion in *Shady Grove* when the majority noted the procedural nature of rules governing "Pleading standards. . . summary judgment, pretrial discovery, and the admissibility of certain evidence." *Shady Grove*, 559 U.S. 404. Thus, this Court finds Rule 12(b)(6) does not violate the Rules Enabling Act.

This Court recognizes that there is a split of authority as to whether the TCPA applies in federal court. For example, the First and Ninth Circuits have expressly held that state Anti-SLAPP statutes apply in federal diversity cases. *See, Godin v. Schencks*, 629 F.3d 79, 81, 92 (1st Cir. 2010); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 973 (9th Cir.1999). Additionally, the Fifth Circuit, in which Texas sits, has assumed the applicability of the TCPA on several occasions without deciding the issue. *See Cuba v. Pylant*, 814 F.3d 701, 706-07 (5th Cir. 2016) *but see Cuba v. Pylant*, 814 F.3d 701, 706-07 (5th Cir. 2016) (Graves, J. dissenting) ("Applying an *Erie* analysis, I conclude that the TCPA is procedural and must be ignored.").

At least one Court of Appeals expressly decided that state Anti-SLAPP statutes are inapplicable in federal court. *Abbas*, 783 F.3d at 1336. In addition to the Court of Appeals for the District of Columbia Circuit, several recent district court opinions from the state of Texas construed the TCPA as not applying in federal court. *See Thoroughbread Ventures, LLC v. Disman*, No. 4:18-CV-00318, 2018 WL 3472717, *3 (E.D. Tex. July 19, 2018) (slip opinion)*;* *Misko v. Backes*, No. 3:16-CV-3080-M (BT), 2018 WL 2335466, *2 (N.D. Tex. May 4, 2018) (slip opinion); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17–CV–3140, 2018 WL 1515264, *7 (S.D.

Tex. March 9, 2018) (slip opinion); *Rudkin v. Roger Beasley Imports, Inc.*, A–17–CV–849–LY, 2017 WL 6622561, *3 (W.D. Tex. Dec. 28, 2017) (slip opinion).

The Parties did not point to, nor did the Court independently find, any controlling precedent on this issue. As there is no controlling law, the Court finds the opinions in *Abbas*, *Thoroughbread*, *Misko*, *Mathiew*, and *Rudkin* persuasive. As such, the Court finds that the TCPA is not applicable in federal courts sitting in diversity and **DENIES** Defendant's Motion to Dismiss as it pertains to the TCPA.

### b. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Since the Court found the TCPA does not apply, the Court must now determine if Plaintiff stated a claim sufficient to defeat a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court "draw[s] all reasonable inferences in favor of the non-moving party." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, to survive a motion to dismiss, the plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570.)

In Defendant's Memorandum is Support of the Motion to Dismiss and her Reply, Defendant spent the vast majority of her time discussing the applicability and implications of the TCPA. The Defendant did not point to a particular claim that Plaintiff failed to plausibly allege. The Defendant did, however, mention that Plaintiff failed to state a claim under Texas law due to the effects of the TCPA. Because the Court has already found the TCPA to be inapplicable, Defendant's Motion to Dismiss on the basis of Rule 12(b)(6) is also **DENIED**.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss as Frivolous under Texas Law is **DENIED**.

**SO ORDERED**.

Signed: December 7, 2018

Graham C. Mullen
United States District Judge